# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-174 (JRT/JJG) |
| Plaintiff, | |
| v. | |
| (1) ANTWOYN TERRELL SPENCER and | **MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT** |
| (2) DERRICK JEROME SPENCER, | |
| Defendants. | |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, #14781-041, FCI – Greenville, P.O. Box 5000, Greenville, IL 62246, defendant *pro se*.

Derrick Jerome Spencer, #14779-041, FCI – Milan, P.O. Box 1000, Milan, MI 48160, defendant *pro se*.

Antwoyn Spencer and Derrick Spencer ("the Spencers") were found guilty by a jury of conspiracy and possession with intent to distribute cocaine. They were then sentenced to prison terms. On April 15, 2011, this Court issued an order denying the Spencers' motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. *United States v. Spencer*, 2011 WL 1478973, at *1-3 (D. Minn. Apr. 15, 2011). The Spencers have now filed motions under Federal Rule of Civil Procedure 60(b)(6)

claiming that this Court should overturn its April 15 Order because it contains clear errors of law. Because the Spencers' Rule 60(b) motions are second or successive habeas petitions, the Court will dismiss the motions.

## ANALYSIS[1]

The Court must determine if it has jurisdiction to hear these motions under the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a district court may not hear a motion without preauthorization from the court of appeals if the motion is, in substance, a "second or successive" habeas petition.[2] *See* 28 U.S.C. § 2244(b)(3)(A).

A motion is a second or successive habeas petition "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). Thus, motions under Rule 60(b) that attempt to "resurrect the denial" of earlier habeas petitions by reasserting claims with respect to a conviction are second or successive habeas petitions. *Tyler v. Purkett*, 413 F.3d 696, 700-01 (8th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 532).

---

[1] The Court's previous orders provide a more detailed background of this case. *See, e.g.*, *United States v. Spencer*, 2011 WL 3610110, at *1 (D. Minn. Aug. 16, 2011).

[2] To obtain preauthorization from the court of appeals, a habeas petitioner must meet standards outlined in AEDPA. 28 U.S.C. § 2244(b)(2).

The Court finds that the Spencers' Rule 60(b) motions are second or successive habeas petitions. In its April 15 order, this Court fully considered and denied the Spencers' initial habeas petitions on the merits. *See Spencer*, 2011 WL 1478973, at *1-3. The Spencers' Rule 60(b) motions attack the substance of the April 15 habeas order and, therefore, are second or successive habeas petitions. *See, e.g.*, *Gonzales*, 545 U.S. at 532; *Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992).

Because these motions are second or successive, AEDPA requires the Spencers to obtain preauthorization from the Eighth Circuit prior to their filing. *See* 28 U.S.C. § 2244(b)(3)(A). The Spencers have not sought preauthorization. Indeed, this Court already denied an attempt by the Spencers to file a second or successive petition without preauthorization. *Spencer*, 2011 WL 3610110, at *2.[3] Accordingly, the Court finds that dismissal of the Spencers' Rule 60(b) motions is appropriate. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that a district court construing a Rule 60(b) motion as a successive habeas petition may either dismiss the motion or transfer it to the court of appeals).

---

[3] The Court also notes that, if the Spencers continue to file second or successive petitions without obtaining preauthorization, the Court may prohibit them from filing additional motions without prior written approval.

## CERTIFICATE OF APPEALABILITY[4]

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in the Spencers' Rule 60(b) motions differently. The Court therefore concludes that the Spencers have failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Antwoyn Spencer's Motion for Relief from Judgment Pursuant to Rule 60(b) [Docket No. 385] is **DENIED**.

2. Derrick Spencer's Motion for Relief from Judgment Pursuant to Rule 60(b) [Docket No. 388] is **DENIED**.

---

[4] "[T]he certificate requirement applies to an appeal from the denial of a Rule 60(b) motion seeking to reopen a habeas case." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

**IT IS FURTHER HEREBY ORDERED** that:

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendants' motions.


DATED: January 10, 2012          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                   United States District Judge